IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| Sojourner Douglas College, Inc | : | Case No.: 18-12191-RAG |
| | : | |
| | : | Chapter 11 |
| Debtor | : | |
| | : | |
| 1880 Bank | : | |
| | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| Sojourner Douglas College, Inc | : | |
| | : | |
| Respondent | : | |
| | : | |
| | : | |

## DEBTOR'S RESPONSE TO 1880 BANK/MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. § 362 TO PURSUE THE APPOINTMENT OF A RECEIVER AND/OR A FORECLOSURE OF PROPERTY

Comes now Debtor, Sojourner Douglas College, Inc, by and through its attorneys Kemet Hunt Law Group Inc, and Anu Kmt, Esq., and moves this honorable Court to deny Creditor 1880 Bank, hereinafter Bank's Motion Seeking Relief from Stay, and in support of such relief, states as follows:

1. This Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 362(d), 28 U.S.C.§§§§ 157, 1334, 1408, and 1409, and Rule 4001 of the Bankruptcy Rules of Procedure.

2. Respondent is the Debtor in the above Chapter 11 case having filed a voluntary

Petition, on or about February 21, 2018.

3. Respondent admits Movant's allegations in paragraphs 4 thru 6, of Movant's Motion for Relief.

4. Respondent denies Movant's allegations in paragraph 7, of Movant's Motion for Relief, to the extent that Movant lacks an adequate basis to conclude as implied in Movant's Motion, that Respondent, merely because it lost its accreditation with the Middle States Commission on Higher Learning, in June of 2015, has no prospects on resuming operation as a higher learning institution.

In fact, since losing its accreditation with the Middle States Commission on Higher Learning, Respondent has steadfastly undertaken and continues to undertake, tremendously serious efforts, both individually and through partnerships and potential investment for development deals with others.

Since losing its accreditation with the Middle States Commission on Higher Learning, in June of 2015, Respondent has been and is still currently in serious negotiations with several educators, educational institutions and entrepreneurs/investors relating to partnerships, joint ventures and other structures that will support the reinstatement of its accreditation. Those efforts specifically include serious ongoing negotiations with Washington Online Learning Institute, the Scott Julion Career and Technology Academy and National Parenting University.

5. Respondent admits Movant's allegations in paragraph 8, of Movant's Motion for Relief.

6. Respondent lacks enough information to deny or admit paragraphs 9 thru 11 of Movant's Motion for Relief.

7. Respondent admits Movant's allegations in paragraph 12, of Movant's Motion for Relief.

8. Respondent denies Movant's allegations in paragraphs 13 thru 16 of Movant's Motion for Relief, to the extent that Movant 's allegations lack any basis in truth, since Movant knows with specificity that Respondent has never abandoned the property, in that Movant has directly through its administrators, and through others, attempted and continues to take adequate reasonable steps to both secure the property, and explore its sale and/or development deals aiming to increase its value (See **supplements #1 thru #4 attached**).

Respondent further denies Movant's allegations in paragraphs 13 thru 16 of Movant's Motion for Relief, to the extent that Movant 's allegations are made in bad faith, since Movant knows with specificity that the fire incident at 200 N. Central Avenue, did not result from Respondent's negligence, lack of care or diligence in securing the property, and that Respondent with Movant's knowledge has taken more than reasonable steps to adequately protect and secure the property, by causing reputable contractors to board and re-board the building and maintain security, thus ensuring that it remained free of squatters.

Respondent has also directly and through the services of a reputable insurance adjuster, promptly negotiated a settlement of the fire loss event at 200 N. Central Avenue, to the tune of $976.752.27, to be used to complete the repairs necessary to rehabilitate the property. To date, the insurance company has issued checks for the loss in amount of $551,251.84, restrictively endorsed to both Movant and Respondent.

Acting in good faith, and working under the assumption that Movant equally was, Respondent promptly endorsed the checks to Movant, with the understanding that Movant would promptly release any funds necessary to complete the required repairs resulting from the fire loss to the property.

Unfortunately, Respondent was sadly quickly driven to understand that Movant in bad faith was refusing to release the funds necessary to complete the repairs to the property, in a blatant and callous attempt to drive down the auction value of the property, in order to acquire it at significantly less than fair market value at auction. This is evidenced by the fact that from the

of the $551,251.84, proceeds received from the fire loss, Movant to date has only released about $38,043.89, to be allocated to repairs, which by any standard is woefully inadequate.

Respondent has made several written and verbal appeals to Movant to release the funds required to repair the damage from the break-in and fire that took place over 18 months ago. To date, Movant has unreasonably refused to release the funds, claiming that it has **a right to either repair the property or credit the payments to the outstanding debt**.

Consequently, the current status of the property, to the extent that it needs to be repaired, is due to the negligence and bad faith of the Movant, in not releasing the funds required for the repairs. The same is true for the reasons why the city of Baltimore initiated the receivership proceedings. (See **supplements #1 thru #4 attached).**

9. As represented by Respondent in the preceding paragraphs of the instant response, Movant's allegations in paragraphs 20 thru 36 of Movant's motion are made in bad faith and at best disingenuous, in the sense that any lingering disrepair to the property is due to the Movant's own negligence and unreasonable failure to act to release the funds required to remedy any claim of waste of the property,

Indeed, Movant has unreasonably refused to release the funds, claiming that it has **a right to either repair the property or credit the payments to the outstanding debt**. Movant cannot elect to withhold the funds required for the repairs, and then at the same time complain that the same repairs are not being made.

Respondent has attempted to procure insurance for the property, but the insurance company refuses to offer a contract until the repairs are made, which, here again is a condition caused by the Movant failure to act in good faith. All the repairs and premium payments required to protect the property can easily be covered by the insurance proceeds resulting from the fire loss leaving more than enough reserve to adequately account for past due loan payments to the Movant.

Movant has shown no adequate cause justifying the removal of the Automatic Stay, because the only purpose for which Movant is seeking the same, is to continue to abuse its coveted position as a secured creditor, in order to bully and oppress the Respondent into acquiescing/submitting to Movant's ill guided and bad faith motivated attempts to force a foreclosure sale of the property, the value of which Movant has and continues to negligently attempt to depreciate, with the aim of scooping it at significantly less than fair market value at auction (**See Supplements #1 thru #4 attached**).

Contrary to Movant's allegations, Respondent believes that the property is worth significantly more than Movant's alleged value, in that property value for properties similarly situated are on a significant upward trend, and that, inferring from the property's last appraised value ( **See Supplement #4 attached**), the property has more than enough value/equity to adequately protect Movant's interests. The property has tremendous development prospects, which is not accounted for by Movant in its valuation.

In fact, Respondent is prepared to demonstrate that there is enough value/equity in the property, by industry expert testimony, and through an current appraisal that Respondent is commissioning.

Furthermore, Respondent respectfully represent to this honorable Court, that there are no emergencies or exigent circumstances, the nature of which would dictate the drastic and egregious remedy of removing the Automatic Stay in the Respondent's case, because, in addition to the reasons explained in the preceding paragraphs, Respondent has with Movant's knowledge secured a third party buyer/investor in Reddove Partners, L.L.C., a property acquisition and redevelopment firm, and its partners who are prepared to make an offer for the development rights to the Respondent's property, and partnership in a community development project anchored by the Respondent's operation as a learning institution, which in turn will protect Movant's interests. Consequently, Respondent is capable and willing to continue to protect Movant's interests in the property (**See Supplement #4 attached**).

As demonstrated by Respondent in the preceding paragraphs, Respondent is capable and willing to offer a confirmable effective reorganization plan through the instant chapter 11 proceedings. The property is not only necessary for an effective reorganization of Respondent's finances, but is essential to such a reorganization.

Respondent's chapter 11 proceeding are the best indicated vehicle and forum to achieve the most adequate and fair outcome in this case, because the said proceedings offer an honest and equitable forum and means by which Respondent can negotiate with its unsecured creditors a fair reduction of its debts, while adequately protecting the secured creditor's interests.

Contrary to Movant's unsubstantiated allegations, liquidation of Respondent's property is premature, as there is a strong possibility that Respondent's chapter 11 plan could be confirmed in a reasonable time.

The Movant's own actions in unreasonably refusing to release any of the fire loss event proceeds to cover the required repairs to the property for the previous 18 months, evidence the lack of existence of any emergencies in the case at hands, and underscores the lack of need for the appointment of a Receiver of the Respondent's property at this time.

Respondent is prepared to further substantiate its representations in the preceding numbered paragraphs, through additional evidentiary documentation and testimony, and respectfully request an opportunity to do so at a properly scheduled evidentiary hearing.

WHEREFORE, Respondent respectfully request that this Court:

A.   Deny Movant 1880 Bank's Motion for Relief from The Automatic Stay against the Respondent's property.

B.   Deny Movant 1880 Bank's request for permission to seek the appointment of a Receiver.

C.   Allow the Respondent's chapter 11 case to proceed on track.

D.   Grant an evidentiary hearing on the Movant's Motion and on the Respondent's instant Response hereto.

E.       Grant such other and further relief as this Court deems fair and just.

Respectfully,

/s/ Anu Kmt_____
Anu Kmt, Esq.
Maryland Fed. Bar No. 15398
Kemet Hunt Law Group Inc.
5000 Sunnyside Avenue, Suite 101
Beltsville, Maryland 20705
Tel.: (301) 982-0888
E-mail: akemet@kemethuntlaw.com
Attorney for the Debtor(s)

### Certificate of Service

I HEREBY CERTIFY that on this 03rd day of March 2018, I have reviewed the Court's CM/ECF system, and it reports that an electronic copy of the foregoing Debtor's Response to Movant/Creditor 1880 Bank's Motion Seeking Relief From Automatic would be sent electronically by CM/ECF to the below parties, and that I have caused where applicable a copy of the same to be mailed, first class mail postage prepaid to the following:

Adam M. Lynn /alynn@mdswlaw.com, dwalker@mdswlaw.com Attorneys for Movant

Patricia B. Jefferson /pjefferson@milesstockbridge.com Attorneys for Movant

US Trustee – Baltimore USTPRegion04.BA.ECF@USDOJ.GOV

Katherine A. Levin (UST), katherine.a.levin@usdoj.gov, brenda.b.wilmore@usdoj.gov

/s/ Anu Kmt_____
Anu Kmt, Esq.
Maryland Fed. Bar No. 15398
Kemet Hunt Law Group Inc.
5000 Sunnyside Avenue, Suite 101
Beltsville, Maryland 20705
Tel.: (301) 982-0888
E-mail: akemet@kemethuntlaw.com
Attorney for the Debtor(s)