# Exhibit B

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

## REAL ESTATE PURCHASE AGREEMENT

THIS REAL ESTATE PURCHASE AGREEMENT ("Agreement") made by and between Sojourner-Douglass College Inc. ("Seller") and Citadel Firm, LLC. ("Purchaser").

WITNESSETH

THAT, IN CONSIDERATION of the mutual covenants herein set forth, and of other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1.    Agreement to Sell the Property.  Seller agrees to sell and convey to Purchaser, and Purchaser agrees to purchase from Seller, the following described real and personal property and property interests at 810 Park Ave., in Baltimore City, 21201 Maryland (collectively, the "Property"):

State Department of Assessments and Taxation Account Identifier: Ward 11 Section 09 Block 0509 Lot 017, consisting of approximately 7,875 square feet of Above Grade Enclosed Area on approximately 5,380 square feet of land.

together with Exhibit A, attached hereto, and any and all improvements, appurtenances, rights, privileges, easements and other property interests existing thereon and benefiting, belonging or pertaining thereto. Seller agrees to give possession of the Property to Purchaser at the time of Closing.

2.    Purchase Price.  The Purchase Price ("Purchase Price") for the Property shall be Six Hundred Thousand Dollars ($600,000). The Purchase Price shall be paid on the Closing Date (as defined in Paragraph 4 below), with readily-available funds (i.e., registered/certified check and/or wire transfer). The Deposit (as defined in Paragraph 3 below), together with interest, if any, shall be applied by Purchaser at Closing towards the Purchase Price.

3.    Deposit.  The Deposit ("Deposit") shall consist of a first deposit in the amount of Twenty Thousand Dollars ($20,000), which shall be placed in escrow with the Escrow Agent (as defined in Paragraph 4 below). The Deposit shall be non-refundable to Purchaser for any reason, other than Seller's inability to deliver clear and merchantable title only in the event of a higher and better offer for the Property or Seller's default per the terms stipulated by this Agreement.[1]

---

[1] Approval of the sale contemplated through this Agreement, through entry of an order by the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), will permit the sale of the Property to be free and clear of all competing interests pursuant to 11 U.S.C § 363(f), thereby allowing delivery of merchantable title as a matter of law.

---

Offer to Purchase

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

4.    Closing.  Closing ("Closing") on the purchase of the Property shall take place at the offices of Shawn A. Goldfaden, Esq. on behalf of Land Services USA, Inc. ("Escrow Agent") or at such other location as the Purchaser should elect, no later than Thirty (30) days following the approval of the sale contemplated through this Agreement by entry of an order by the Bankruptcy Court permitting such sale of the Property, with each side agreeing to split evenly all normal and customary closing costs. Seller shall pay real estate brokerage fees. Seller and Purchaser both agree, Purchaser shall have the right to have title & all closing documents examined by their own attorneys and/or title agents at Standard Title Group, LLC.

5.    Purchaser's New Entity. The Seller and Purchaser agree that Purchaser has the right to proceed with Closing by and through a newly formed entity, but only upon such entity's complete and proper formation following execution of this Agreement.

6.    Study Period. None.

7.    Financing. Purchaser intends to finance a portion of the purchase. This Agreement is not contingent on financing.

8.    Condition of the Property.  The land, building, other improvements, chattels, and interests constituting the Property are being sold, and shall be conveyed to Purchaser at Closing in "as is" condition pursuant to a section 363(f) sale free and clear of any liens or interests. Accordingly, Seller currently has no knowledge of, and, at the time of Closing, there shall not be pending or threatening, (i) any zoning, condemnation, moratoria, or other proceeding or action which in any way adversely affects the Property, or (ii) any litigation or other proceeding or action which could adversely affect Purchaser's good and marketable title to the Property or the Partnership Interests or Purchaser's proposed use of or financing for the Property. In the event any governmental or quasi-governmental agency or authority should notify Seller, or Seller should become aware of any permanent or temporary actual or threatened taking or condemnation of any portion or all of the Property ("Condemnation"), Seller shall promptly notify Purchaser of same. Purchaser shall have the right, but not the obligation, to settle, adjust, or compromise any claims for awards or other compensation payable in connection with any such Condemnation, or to appear in connection with any proceeding on behalf of Seller. In the event of a Condemnation, Seller receives all proceeds of such Condemnation, and Purchaser shall be entitled, at its sole option, (a) to proceed to Closing with no reduction in the Purchase Price, or (b) to terminate this Agreement, in which event all Deposits and any interest earned thereon shall be promptly returned to Purchaser, and all parties shall be relieved from any further liabilities or obligations hereunder. The Seller agrees to deliver the Property vacant and, otherwise, in the condition of the Property at the time the Purchaser made its original offer for the Property to the Seller.

---

Offer to Purchase

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

9.    Risk of Loss.  Until Closing, the risk of condemnation, casualty, or other loss relating to the Property shall be that of the Seller.

10.    Title.  At Closing, Seller shall convey to Purchaser fee simple title which shall be (i) good and marketable, of record and in fact, (ii) insurable by Land Services USA, Inc. ("Title Company") at standard rates, and (iii) free of any encumbrance or exceptions to insurable title which would interfere with Purchaser's ownership of the Property, its ability to finance the Property, or its ability to use the Property for Purchaser's intended use. Seller shall not permit the imposition of any new items which constitute an encumbrance or additional exceptions to insurable title. In the event that legal action is necessary to render title as required, such action shall be taken by Seller promptly at its own expense, not to exceed Twenty-Five Thousand Dollars ($25,000), whereupon the time set for Closing shall be extended for the period necessary. However, in the event such action is not completed within Forty-Five (45) days after the date otherwise set for Closing, Purchaser will have a period of Ten (10) business days thereafter to elect to terminate this Agreement, in which event the Deposit, together with interest, shall be returned to the Purchaser, and Seller released from any other obligation hereunder. If both sides elect, Closing shall occur at a later date agreed to by both parties, with all other terms of this Agreement remaining in full force and effect.

11.    Remedies.  If Purchaser wrongfully defaults under this Agreement in its obligation to purchase the Property (and inasmuch as the parties agree that it would be extremely difficult to ascertain the extent of the actual damage to Seller resulting from such a wrongful default), Seller (provided that Seller is not in default hereunder) shall be entitled to the Deposit as fixed, agreed, and liquidated damages, and as Seller's sole and exclusive remedy for such wrongful default, and shall be entitled to use the Deposit for the payment of administrative expenses pursuant to sections 326 and 327 of the Bankruptcy Code arising in *In re Sojourner-Douglass College, Inc.*, Case No. 18-12191-RAG (Bankr. D. Md.), and relating to the sale of the Property. If Seller fails or is unable to satisfy any obligation hereunder, or wrongfully defaults under this Agreement in its obligation to sell and convey the Property, Purchaser shall be entitled to (i) waive any such failure or default, (ii) extend Closing for up to One Hundred and Twenty (120) days to satisfy itself or permit Seller to remedy same, (iii) enforce this Agreement under specific performance wherein a court shall order Seller to proceed to settlement, (iv) terminate this Agreement and receive all Deposits, together with interest.

12.    Certain Closing Costs and Adjustments.  Purchaser shall pay for the costs of title examination, title insurance, and any survey that it may order. Customary Title Company closing charges, notary fees, and all state and local recordation and transfer taxes and revenue stamps shall be paid one-half by Purchaser and one-half by Seller. There shall be adjusted through the date of Closing real estate and personal property taxes, both general and special. All installments and other payments due with respect to any financing encumbrance permitted to remain as an exception to insurable title shall be kept current

Offer to Purchase

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

and shall be paid by Seller through the date of Closing. A sufficient amount shall be escrowed from the Purchase Price for any of the foregoing items which are not finally determined as of Closing.

13.    Certain Deliveries at Closing.  At Closing, Seller shall execute, acknowledge, and deliver to Purchaser a special warranty deed and such other bills of sale assignments and other documents and agreements necessary or appropriate to convey the Property to Purchaser. Seller (and each owner thereof) shall execute and deliver to Purchaser a "non-foreign person" affidavit. Seller consents to such withholding as may be required under the provisions of any state or federal income tax law. Seller shall execute and deliver to Title Company a customary form of affidavit and indemnity agreement necessary to reflect the absence of claims which would give rise to mechanic's and materialmen's liens, and Seller shall deliver to Title Company such evidence as may be required by Title Company with respect to the authority of the person executing the deed of conveyance.

14.    Broker's Commission.    Seller, and all person(s) signing for and/or on behalf of Seller, acknowledge EA Commercial Real Estate, LLC represents Seller ONLY in this transaction. All parties acknowledge Purchaser(s), and all person(s) signing for and/or on behalf of Purchaser(s) are represented by Rosselle Realty Services, Inc. who shall share in the commission payable by Seller. Commission to Purchaser's broker shall equal 3% of the sales price (per advertisement).

15.    Authority to Sell Property/Bankruptcy Court Approval.  Seller, and the person(s) signing for and/or on behalf of Seller, has/have and at Closing will have full power and authority to sell, assign, and transfer the Property to Purchaser subject to prior approval of the Bankruptcy Court. Within Seven (7) business days of execution of this Agreement, Seller shall seek such Bankruptcy Court approval. Purchaser understands and acknowledges that this Agreement is subject to a higher and better offer by a third party under applicable bankruptcy law. A determination by the Bankruptcy Court not to approve the sale of the Property to the Purchaser will not constitute a default under this Agreement. Further, the execution of this Agreement will not conflict with or result in a breach of any of the terms or provisions of, or constitute a default under, or cause an acceleration of any note, mortgage, deed of trust, loan agreement, or other document, instrument, or agreement to which Seller is a party or by which the Property is bound. The person (or persons) executing this Agreement on behalf of Seller represent(s) and warrant(s) that he/they has/have full power and authority to do so. Purchaser represents and warrants to the Seller that Purchaser has full authority to execute this Agreement and to consummate the transaction described herein.

16.    Notices.  All notices required or permitted hereunder shall be in writing and shall be effective as of the date on which such notice is (i) telecopied or delivered electronically to the party or their counsel, or (ii) mailed either (A) in any United States Post Office by

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

certified or registered mail, postage prepaid, or (B) hand delivered by messenger, overnight service or otherwise, to the mail delivery depository or area at the address of the recipient.

All such notices shall be addressed as follows:

| | |
|---|---|
| To Seller: | Charles Goldstein<br>Trustee for Sojourner-Douglas College, Inc.<br>111 South Calvert Street, Suite 1400<br>Baltimore, MD 21202<br>410.783.6390 \| cgoldstein@3cubed-as.com |
| | John H. Thompson<br>McGuireWoods LLP<br>2001 K St. N.W., Suite 400<br>Washington, DC 20006-1040<br>202.857.2474 \| jthompson@mcguirewoods.com |
| To Listing Broker: | Stephen J. Ferrandi<br>EA Commercial Real Estate, LLC<br>Attn: Josh Halbedel<br>5771 Waterloo Rd., Ellicott City, MD 21043<br>410.402.5400 \| Stephen@EARealtyCompanies.com |
| To Selling Broker: | Michael Burdett<br>Rosselle Realty Services, Inc.<br>17810 Meeting House Rd, Suite 325<br>Sandy Spring, MD 20860<br>202.369.5183 I Soldbymike.rrs@gmail.com |
| To Escrow Agent: | Shawn A. Goldfaden, Esq<br>Land Services USA, Inc.<br>29 West Susquehanna Avenue Suite 707<br>Towson, Maryland 21204<br>443.761.6643 \| sgoldfaden@lsutitle.com |
| To Purchaser: | Citadel Firm, LLC<br>Reuben O. Charles II<br>5335 Wisconsin Ave NW, Suite 440,<br>Washington DC 20015-2079<br>202.780.3628 |
| To Purchaser's Escrow: | Standard Title Group, LLC |

Offer to Purchase

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

Camille Latini
1734 20th St, NW
Washington, DC 20009
202.888.0132 I Clatini@standardtg.com

17.    Miscellaneous.  This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes all prior negotiations, agreements, and undertakings. This Agreement may not be modified except by the written agreement of the parties hereto. The terms and conditions of this Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective heirs, successors, assigns, and legal representatives and shall survive the executions and delivery of the deed and shall not be merged therein. Seller and Purchaser agree to execute, acknowledge, and deliver any further agreements, documents, or instruments that are reasonably necessary or desirable to carry out the transactions contemplated by this Agreement. The date of final acceptance shall be the last date on which the final draft of this Agreement, fully executed (i.e. as to the Agreement and all "initialed" modifications and amendments, etc., if any) has been received by all of the parties hereto. If the commencement or expiration of any time period measured in days occurs on a Saturday, Sunday or legal holiday, such commencement or expiration shall automatically be extended to the next day which is not a Saturday, Sunday, or legal holiday. This Agreement and all transactions hereunder shall be governed by the law of the jurisdiction in which the Property is located. No failure of any party hereto to exercise any right or power given to such party hereunder or to insist upon strict compliance by the other party with its obligations hereunder shall constitute a waiver of any party's right to demand strict compliance with the terms herein. Any party entitled to damages or indemnification hereunder shall also receive its reasonable attorneys' fees.

18.    Applicable Law: This Agreement shall be governed by, and constructed in accordance with the laws of the State of Maryland.

19.    Counterparts: This Agreement may be executed in any number of counterparts, and each such counterpart shall be deemed to be an original.

20.    Time of Essence: Time is of the essence of this Agreement.

[Signatures on Next Page]

Offer to Purchase

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

IN WITNESS WHEREOF the parties hereto have executed this Agreement under seal:

Seller:

WITNESS/ATTEST:

Sign: _____

Print: Charles R. Goldstein, Trustee

Date: 2/20/2020


Purchaser:

WITNESS/ATTEST:

Michael Burdett

Sign: _____

Print: Reuben Charles II on behalf of Citadel Firm LLC

Date: 2/19/2020


WITNESS/ATTEST:

_____

Sign: _____

Print: _____

Date: _____

Offer to Purchase

7

DocuSign Envelope ID: 3DE92A0B-35B9-4DF2-BF33-DEF0161063D8

Exhibit A

Tax Records

---

Offer to Purchase