Entered: July 23rd, 2020
Signed: July 23rd, 2020

**SO ORDERED**

NO TIMELY OPPOSITION, AND HEARING HELD ON JULY 23, 2020.



Nancy V. Alquist
**NANCY V. ALQUIST**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | Case No. 18-12191-NVA |
| SOJOURNER-DOUGLASS COLLEGE, INC., | Chapter 11 |
| Debtor. | |

**ORDER APPROVING SALE OF 1020 PIER POINTE LANDING, BALTIMORE, MD 21230 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Upon the motion dated June 15, 2020 [D.I.208] (the "Sale Motion") of Charles R. Goldstein, Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Sojourner-Douglass College, Inc. (the "Debtor"), pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order approving the sale of personal and real property and property interests at 1020 Pier Pointe Landing, Baltimore, Maryland 21230 (the "Property"); the lack of any better and higher offers for the Property submitted to the Trustee as well as the lack of any objections filed to the sale of the Property pursuant to the Notice of Sale and Hearing (the "Sale Notice"); the Court having found and determined the relief requested in the Sale Motion is in the best interests of the Debtor, its estate,

its creditors, and all parties in interest, and that the legal and factual bases set forth in the Sale Motion and in the record of this chapter 11 case (the "Chapter 11 Case"), establish just cause for the relief granted herein; after due deliberation thereon, and good and sufficient cause appearing therefor, it hereby is

FOUND AND DETERMINED THAT:[1]

**Jurisdiction, Venue, and Statutory Predicates**

A.  This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) over which the Court has jurisdiction to enter a final order. Venue is proper in this district and this Court under 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief requested in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a), 4001(d), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Procedural History**

C.  On June 15, 2020, the Trustee filed the Sale Motion, by which the Trustee seeks approval to sell, pursuant to section 363 of the Bankruptcy Code, the Property for Six Hundred Forty Thousand Dollars ($649,000) to Meredith Roe-Ranzenbach Watts ("Buyer") with such offer to be subject to higher or better offers submitted prior to the Bid and Objection Deadlines and in accordance with the Sale Notice.

---

[1] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D. The Trustee provided Notice of Sale and Hearing to (a) all parties previously identified or solicited by the Debtor or Trustee and any additional parties who have expressed an interest in acquiring other properties of the Debtor; (b) previous real estate agent as a representative for other prospective purchasers of the Property; (c) all persons known potentially to have a secured claim or lien against or interest in any of the Property;[2] (d) the Debtor's 20 largest unsecured creditors, (e) the Debtor; (f) the Office of the United States Trustee; (g) the Buyer; (h) state and applicable local taxing authorities in Maryland; (i) the Internal Revenue Service; and (j) all other parties who have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

E. Because no higher and better offers were submitted to the Trustee prior to the Bid Deadline and no objections, in accordance with the Sale Notice, were filed against the Motion on or before the Objection Deadline with respect to the Sale of the Property, the Court has determined, in the light of the record and in the best interests of the Debtor, its estate, its creditors, and other parties in interest, to not hold a hearing on the Sale Motion with respect to the Sale of the Property prior to entering this Order.

## Notice

F. As shown by the Certificate of Service, proper, timely, adequate, and sufficient notice of the Sale Motion, and opportunity for a hearing thereon, and the sale of the Property (the "Sale"), has been provided to the Debtor's creditors and all other parties in interest. Reasonable notice of the sale and an opportunity to submit a higher and better offer to the Trustee for Property and to object and be heard with respect to the Sale Motion has been afforded to all

---

[2] Being included on the list of those who potentially may have a secured claim against any of the Properties is not an acknowledgement by the Trustee that any such person actually has a valid or properly perfected secured claim, lien, encumbrance, or other interest in any of the Properties.

3

interested persons and entities. Such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the sale of the Property, or entry of this Order, is required.

### Trustee's Authority

G. The Trustee has full power and authority to proceed with the Sale on behalf of the Debtor and authority to execute and deliver the Residential Contract of Sale by and between Buyer and the Trustee (the "Contract"), and all other documents contemplated thereby. Such power and authority shall not extinguish upon the discharge of the Trustee's duties as the chapter 11 trustee. Other than Bankruptcy Court approval, no further consents or approvals are required for the Trustee to consummate the transactions contemplated by the Contract, except as otherwise set forth therein.

### Good Faith Purchaser

H. The negotiations for the sale of the Property were non-collusive, fair, and reasonable, conducted in good faith, and at arm's-length and not by any means prohibited by law. Buyer is purchasing the Property in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, did not engage in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision and any other applicable or similar bankruptcy and non-bankruptcy law. Buyer has at all times acted in good faith within the meaning of section 363(m) of the Bankruptcy Code with regard to the sale. Buyer is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

I. The Contract was negotiated, proposed and entered into by the Trustee and Buyer without collusion, in good faith and at arm's-length bargaining positions. Neither the Trustee

nor Buyer have engaged in any conduct that would cause or permit the avoidance of the sale or the Contract or the imposition of costs or damages under section 363(n) of the Bankruptcy Code.

**Business Justification**

J.      The Trustee has demonstrated that good, sufficient and sound business reasons and compelling circumstances to enter into the Contract to sell the Property under section 363 of the Bankruptcy Code, and that such actions are appropriate and reasonable exercises of the Trustee's business judgment and in the best interests of the Debtor, its estate, its creditors, and other parties in interest. Such business reasons include, but are not limited to: (i) the Contract, and the terms thereof constitute the highest and/or best offer for the Property, and (ii) no other person or entity or group of persons or entities has offered to purchase the Property for greater economic value to the Debtor's estate than Buyer. The Trustee's determination that the Contract constitutes the highest and/or best offers for the Property is a valid and sound exercise of the Trustee's business judgment.

K.      The terms and conditions of the Contract, including the consideration to be realized by the Debtor pursuant to the Contract, are fair and reasonable, and the transactions contemplated by the Contract are in the best interests of the Debtor's estate. Approval of the Sale Motion, the Contract, the Sale, and the consummation of the transactions contemplated in the Contract are in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

**No Fraudulent Transfer or Successor Liability**

L.      The consideration provided by Buyer for the Property pursuant to the Contract (i) is fair and reasonable, (ii) is the highest and/or best offer for the Property, (iii) will provide a greater recovery for the Debtor's creditors and estate than would be provided by any other

practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

M. Buyer is not a mere continuation of the Debtor or its bankruptcy estate, there is no continuity or common identity between Buyer and the Debtor, and there is no continuity of enterprise between Buyer and the Debtor. Buyer is not holding herself out to the public as a continuation of the Debtor. Buyer is not a successor to the Debtor or its estate and the sale of the Property does not amount to a consolidation, merger or *de facto* merger of Buyer with or into the Debtor. The sale of the Property to Buyer is not being undertaken for the purpose of escaping liability for the Debtor's debts or for purposes of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.

### Free and Clear

N. Except as otherwise expressly provided in the Contract or this Order, the Property shall be sold free and clear of all interests, obligations, rights, encumbrances, pledges, liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), mortgages, deeds of trust, security interests, claims (including, any "claim" as defined in section 101(5) of the Bankruptcy Code), liabilities, debt obligations, losses, penalties, leases, charges, offsets, contracts, options, rights of first refusal, rights of first offer, rights of first sale, rights of notice, easements, servitudes, proxies, voting trusts or agreements, transfer restrictions under any agreement, conditional sale or other title retention agreements, judgments, hypothecations, demands, licenses, sublicenses, assignments, indentures, loan agreements, instruments, debts, rights of recovery, guaranties, contractual

commitments, restrictions, rights of setoff, recoupment, employee benefit agreements and obligations, collective bargaining agreements and obligations, claims based on reimbursement, contribution, indemnity, exoneration, products liability, tortious conduct, property damage, personal injury, alter-ego or taxes, claims based on pension plan contributions and related liabilities, environmental liabilities and options to purchase, in each case of whatever kind, nature, or description in, against or with respect to the Property or the Debtor having arisen, existed or accrued prior to and through the date of the closing of the Sale (the "Closing Date"), whether direct or indirect, absolute or contingent, choate or inchoate, known or unknown, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute or otherwise and whether arising prior to, on or after the Petition Date, including claims or liabilities otherwise arising under doctrines of successor liability, *de facto* merger or substantial continuity or liabilities or obligations arising under any Law or Decree (collectively, "Interests").

O. The transfer of the Property to Buyer free and clear of all Interests will not result in any undue burden or prejudice to any holders of any Interests as such Interests shall attach to the net proceeds of the sale of the Property received by the Trustee in the order of their priority, with the same validity, force and effect which they now have as against the Property and subject to any claims and defenses the Trustee, the Debtor, the bankruptcy estate, or other parties may possess with respect thereto;..

P. The Trustee may sell the Property free and clear of all Interests because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Holders of Interests against the Debtor, its estate or any of the Property who did not object, or who withdrew their objections, to the sale or the Sale Motion are deemed to have

consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Holders of Interests, including those who did object, fall within one or more of the other subsections of section 363(f), including without limitation section 363(f)(5) of the Bankruptcy Code, because the holders of any such Interest(s) could be compelled in a legal or equitable proceeding to accept a money satisfaction on account of such Interest(s), and are adequately protected by having their Interest(s), if any, attach to the proceeds of the sale ultimately attributable to the Property in which such creditor alleges an Interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Trustee, Debtor, the bankruptcy estate, or other parties may possess with respect thereto.

Q.  Buyer would not have entered into the Contract and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor's estate and creditors, if the sale were not free and clear of all Interests, or if Buyer would, or in the future could, be liable for any such Interests.

R.  Not selling the Property free and clear of all Interests would adversely impact the Trustee's efforts to maximize the value of the bankruptcy estate, and the sale of the Property other than one free and clear of all Interests would be of substantially less benefit to the bankruptcy estate.

## Validity of Transfer

S.  Consummation of the Sale is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 363(n), and all of the applicable requirements of such sections have been complied with in respect of the transactions contemplated under the Contract.

T.  The Property constitutes property of the Debtor's estate and good title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. The Debtor is the sole and rightful owner of the Property, with all right, title, and interest to transfer and convey the Property to Buyer.

U.  The Sale pursuant to the Contract is to be conducted on an "as is, where is" basis.

### Compelling Circumstances for an Immediate Sale

V.  To maximize the value of the Property, it is essential that the Sale occur within the time constraints set forth in the Sale Motion and the Contract. Time is of the essence in consummating the Sale. Accordingly, there is cause to waive the stay contemplated by Bankruptcy Rules 6004.

### Carve Out

W.  In order to maximize the value of the Debtor's estate, the Trustee, marketed the Property to potential purchasers through the use of brokers that specialize in the high-end residential real estate market. The secured lender and the Trustee have agreed to a carve out of 3% of the Purchase Price to be paid to the Debtor's estate without further order of the Court (the "Carve Out"). The Carve Out is reasonable and far below the actual costs incurred by the Trustee's professionals in their work to related to the sale of the Property. The Carve Out is also less than the calculated Trustee's commission the Court may allow under section 326(a). *See* 11 U.S.C. § 326(a).  The Trustee will hold the Carve Out to pay claims and costs of the Debtor's estate .

### Broker's Commission, Fees and Expenses

X.    The Broker's commission, administrative fees and expenses totaling $29,850.00 are reasonable given the Contract price of $649,000.00. Such amounts may be paid at settlement without further order of the Court.

### Allocation to The Pierhomes at Harborview, A Condominium.

Y.    $3,000.00 of the sale proceeds will be allocated to satisfy in full about $20,000.00 outstanding assessments claimed by The Pierhomes at Harborview, A Condominium (the "Association"), such amounts to be paid at Settlement or by the Trustee without further order of the Court and in full satisfaction of the Association's claims. The allocation is in the best interests of the estate as it resolves any potential claims and disputes concerning the association's alleged liens.

### Final Order

Z.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014, this Court expressly finds that there is no just reason for delay in the implementation of this Order and that waiver of any applicable waiting period is appropriate.

THEREFORE IT IS ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1.    The Sale Motion is granted and approved.

2.    All objections and responses to the Sale Motion or the relief requested therein as it relates to the Property, that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections and responses, are overruled on the merits and denied with prejudice.

**Approval of the Contract**

3.       The Contract, including any amendments and all other ancillary documents thereto, and all of the terms and conditions thereof, are approved.

4.       Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized to take any and all actions necessary or appropriate to execute and deliver, perform under, consummate, implement and effectuate the Contract together with any and all instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Contract, this Order, and the Sale, and to take all further actions as may be reasonably requested by Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer, or reducing to possession, the Property, or as may be necessary or appropriate to the performance of the Debtor's and/or Trustee's obligations as contemplated by the Contract, without any further corporate action or order of this Court.  Such authority shall continue notwithstanding any discharge of the Trustee's duties as the chapter 11 trustee.

**Transfer of the Property**

5.       Except as otherwise expressly provided in the Contract or this Order, pursuant to sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, the Trustee is authorized to transfer the Property, as defined in the Sale Motion and the Contract.

6.       The Trustee may transfer the Property to Buyer on the Closing Date pursuant to the terms of the Contract and this Order free and clear of all Interests of any kind whatsoever, and such transfer shall be and is free and clear of all Interests, with all such Interests to attach to the net proceeds of the sale of the Property received by the Trustee in the order of their priority, with the same validity, force and effect which they now have as against the Property and subject to any claims and defenses the Trustee, Debtor, the bankruptcy estate, or other parties may

possess with respect thereto..

7. The transfer of the Property to Buyer will be, as of its Closing Date, a legal, valid, binding and effective transfer of the Property, and, except as otherwise expressly provided in the Contract or this Order, shall vest Buyer with all right, title, and interest of the Debtor in and to the Property free and clear of all Interests accruing, arising or relating thereto any time prior to and through its respective Closing Date. Except as otherwise expressly provided in the Contract or this Order, Buyer shall not assume or become liable for any Interests relating to the Property.

8. Except as otherwise specifically provided by this Order, all persons and entities holding Interests in all or any portion of the Property arising under or out of in connection with, or in any way relating to the Debtor, the Property, or the transfer of the Property to Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against Buyer or her successors or assigns, her property or the Property, such persons' or entities' Interests in and to the Property.

9. On the Closing Date, any holder of an Interest in the Property is authorized and directed to execute such documents and take all other actions as may be necessary to release such Interest, if any, as provided for herein, as such Interests may have been recorded or may otherwise exist.

10. The transactions authorized herein shall be of full force and effect, regardless of the Debtor's lack of good standing in any jurisdiction in which the Debtor is formed or authorized to transact business.

11. Upon consummation of the transactions contemplated in the Contract, Buyer shall be authorized, but not directed, to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect

or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code. For the avoidance of doubt, the filing of termination statements or lien terminations by Buyer shall not be necessary in order for any Interests to be extinguished or otherwise released pursuant to this Order.

12. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor and/or the Trustee to sell and transfer the Property to Buyer in accordance with the terms of the Contract and this Order.

13. All persons and entities that are in possession of some or all of the Property on the Closing Date are directed to surrender possession of such Property to Buyer or its assignee on the Closing Date.

14. A certified copy of this Order may be filed with any appropriate clerk and/or recorded with any appropriate recorder to act to cancel any of the Interests of record in the Property and to resolve any title issues with respect to the Property. For the avoidance of doubt, such a filing of a certified copy of this Order with any clerk and/or recorder shall not be required in order for any of the Interests of record in the Property to be extinguished or otherwise released pursuant to this Order.

15. If any person or entity which has filed statements or other documents or contracts evidencing Interests with respect to all or any portion of the Property shall not have delivered to the Debtor and/or Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to Buyer for the purpose of

documenting the release of all Interests that the person or entity has or may assert with respect to all or any portion of the Property, the Debtor, the Trustee or Buyer are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property. For the avoidance of doubt, the execution and filing of any such statements, instruments, releases, or other documents shall not be required in order for the Interests in the Property to be extinguished or otherwise released pursuant to this Order.

16. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of its office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract.

### Closing

17. The Closing Date shall be no later than July 15, 2020, unless otherwise agreed by the parties. To the extent Trustee and Buyer agree to extend the Closing Date, the Closing Date may be so extended without further order of Court.

### Related Relief

18. Upon the Closing Date and except as otherwise expressly provided in the Contract, this Order or by stipulations filed with or announced to this Court with respect to a

specific matter, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against Buyer, its successors and assigns, or the Property, with respect to any (a) Interest arising under, out of, in connection with or in any way relating to the Trustee, the Debtor, Buyer, the Property, or the operation of the Property prior to and including the Closing Date, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against Buyer, her successors or assigns, assets or properties, (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against Buyer, her successors or assigns, assets or properties, (iii) creating, perfecting or enforcing any Interest against Buyer, her successors or assigns, assets or properties, (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due Buyer or her successors or assigns, or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of this Court, or the Contract or actions contemplated or taken in respect thereof.

      19.     Except as otherwise expressly provided in the Contract or this Order, Buyer shall not have any liability or other obligation of the Debtor and/or the Trustee arising under or related to any of the Property.  Without limiting the generality of the foregoing, and except as otherwise specifically provided in the Contract or this Order, Buyer shall not be liable for any claims or Liabilities against the Trustee or against the Debtor or any of their predecessors or affiliates, and Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger or substantial continuity, whether known or unknown as of and including the

Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Trustee or Debtor, or any obligations of the Trustee or Debtor arising prior to and including the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the Property prior to and including the Closing Date. Buyer has given substantial consideration under the Contract for the benefit of the holders of any Interest in the Debtor or any of the Contract.  The consideration given by Buyer shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of Buyer, which releases shall be deemed to have been given in favor of Buyer by all holders of Interests in the Debtor or any of the Property.

20. The transactions contemplated by the Contract are undertaken by Buyer, the Debtor, and the Trustee without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale unless such authorization and consummation of such sale are duly stayed pending such appeal. Buyer is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code. Buyer did not engage in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code. Neither Buyer nor any of her agents or representatives engaged in any conduct that would cause or permit the Contract or the transaction contemplated herein to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code. Accordingly, the Contract and the transaction contemplated herein shall not be avoidable under section 363(n), and no person shall be entitled to any damages or other recovery pursuant to

section 363(n) of the Bankruptcy Code with respect to the Contract or the transaction contemplated herein.

21. The Carve Out is approved. The Carve Out shall be paid to the Debtor's estate to without further order of the Court. After the Carve Out, agreed payment for outstanding condo assessments, realtor commission and costs of sale, an estimated balance of $586,475.00 will be paid to MDPA H Capital, LLC on account of its asserted lien.

22. The Broker's commission, administrative fee, and costs totaling $29,895.00 are approved. Such amounts will be paid at settlement without further order of the Court.

23. $3,000.00 of the sale proceeds will be paid to The Pierhomes at Harborview, A Condominium without further order of the Court.

### **Generally**

24. Any appeal seeking to enjoin or stay consummation of the transactions contemplated in the Contract and/or this Order shall be subject to the appellant depositing or posting a bond in an amount equal to the aggregate, and/or applicable Purchase Price pending the outcome of such appeal.

25. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this Chapter 11 Case, (b) any subsequent chapter 7 case into which this Chapter 11 Case may be converted, or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Contract or the terms of this Order. For the avoidance of doubt, this Order shall survive any dismissal or conversion of the above-captioned Chapter 11 Case, or any subsequent chapter 7 case should into which this Chapter 11 Case may be converted.

26. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. Neither the Debtor nor the Trustee are subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and either may, in their discretion and without further delay, close the transactions contemplated under the Contract and take any action and perform any act authorized under this Order.

27. The failure specifically to include any particular provision of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Contract be authorized and approved in its entirety, as set forth herein.

28. The Contract and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate; and provided further that the Trustee and Buyer, have each provided express written consent to such modification, amendment or supplement.

29. The terms and provisions of the Contract and this Order shall be binding in all respects upon the Trustee, the Debtor, the bankruptcy estate, the Debtor's creditors, all holders of equity interests in the Debtor, all holders of any Interest in the Property, Buyer and all successors and assigns of Buyer, and any trustee subsequently appointed upon a conversion to chapter 7 under the Bankruptcy Code of the Chapter 11 Case. This Order and the Contract shall inure to the benefit of the Debtor, its estate, its creditors, Buyer, and their respective successors and assigns.

30. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Contract all amendments thereto and any waivers and consents thereunder and each of the purchase agreements executed in connection therewith to which the Debtor and/or the Trustee are a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Contract, the sale or this Order.

31. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract and this Order.

32. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Chapter 11 Case, the terms of this Order shall govern. To the extent there are any inconsistencies between the terms of this Order and the Contract (including any amendments thereto and all ancillary documents executed in connection therewith), the terms of this Order shall govern.

33. The provisions of this Order are nonseverable and mutually dependent.

***END OF ORDER***

cc:

John H. Thompson, Esq.
McGuireWoods LLP
2001 K Street N.W. Suite 400
Washington, DC 20006
*Counsel to the Chapter 11 Trustee*

Charles R. Goldstein
111 S. Calvert St.
Suite 1400
Baltimore, MD 21202
(410) 783-6418
*Chapter 11 Trustee*

Katherine A. (UST) Levin
Office of U.S. Trustee
101 W. Lombard Street
Suite 2625
Baltimore, MD 21201


Darek Bushnaq
Laura Bouyea
Venable LLP
750 East Prat Street, Suite 900
Baltimore, MD 21202
*Counsel to the Debtor*

Meredith Roe-Ranzenbach Watts
1153 Chadwick Circle
Hummelstown, PA 17036

Timothy S. Carey, Esq.
Nagle & Zaller, P. C.
7226 Lee DeForest Drive, Suite 102
Columbia, MD 21046

MDPA H Capital, LLC
Ephraim Barkai
21 Mohawk Place
Lakewood NJ 08701